**Reynaldo Yap DE RIVERA; Kathleen Faith De Rivera, a.k.a. Kathleen Faith Gemeniano, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70833.

INS Nos. A71–582–087 A71–579–465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2000.

Decided March 1, 2001.

Before B. FLETCHER, O'SCANNLAIN and GOULD, Circuit Judges.

MEMORANDUM *

Reynaldo Yap De Rivera and Kathleen Faith De Rivera ("Petitioners") petition for review of their final orders of deportation entered by the Board of Immigration Appeals ("BIA") on June 15, 1999. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Petitioners were served with orders to show cause ("OSCs") on January 26, 1996—approximately six years and two months after they entered the United States. At a hearing on February 25, 1997, the Immigration Judge denied Petitioners' applications for suspension of deportation because Petitioners had failed to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

meet the continuous physical presence requirement before being served with the OSCs and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in their case. Moreover, Petitioners contend that the Immigration Judge ("IJ") erroneously applied the stop-time rule to their case on February 25, 1997, more than a month before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioners' case before IIRIRA became effective. *Guadalupe–Cruz v.. INS*, 240 F.3d 1209 (9th Cir.2001).

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Petitioners pursue their suspension applications, the IJ, in determining whether Petitioners are eligible for suspension of deportation, shall (1) apply the law as it existed on February 25, 1997, and (2) consider the current facts and Petitioners' current circumstances. *Id.*

PETITION GRANTED and REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting.

I dissent for the reasons I expressed in my dissent in *Guadalupe–Cruz v. INS*, 240 F.3d 1209 (9th Cir.2001).